| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW HAMPSHIRE | U.S. DISTRICT COURT<br>DISTRICT OF NEW HAMPSHIRE<br><br>FEB 08 2007<br><br>**FILED** |

```
*************************************
                                     *
Hews Company, LLC,                   *
            Plaintiff                *
v.                                   *      Civil Docket No. 04-CV-292-JM
                                     *
Bruce Barnaby and Barnaby's          *
Truck & Equipment, Inc.,             *
            Defendants               *
                                     *
*************************************
```

## ORDER

The Court conducted an Evidentiary Hearing on December 19, 2006 and January 30, 2007 on Plaintiff's Motion for Contempt and Supplemental Motion for Contempt. Based on the evidence presented the Court hereby makes the following findings:

1. On November 22, 2005, the Court issued an Order charging Bruce Barnaby's interest in L & B Barnaby, LLC (the "**LLC**") with payment of the unsatisfied amount of the Judgment in this matter with interest. Mr. Barnaby was required to disclose to Hews the LLC's income and expenditures and to provide Hews with any monies that would otherwise be paid to Mr. Barnaby or for his benefit. Mr. Barnaby was required to immediately advise counsel for Hews of any threatened, contemplated or actual change to his interest in the LLC or to the management of the LLC. Mr. Barnaby was provided with a copy of the Order and was aware of the specific terms of the Order.

2. Hews subsequently filed a Motion for Contempt and a Supplemental Motion for Contempt alleging multiple acts by several parties directly violating the substance of this Court's November 22, 2005 Order.

1195409.2

3. In particular, the record reflects that the Casassa & Ryan law firm, as counsel to the LLC, was notified of this Court's Order by letters to Attorney Peter J. Saari of that firm, dated November 28, 2005 and February 3, 2006. Attorney H. Alfred Casassa is in the same firm as Attorney Saari.

4. Further, the interests of the managing and majority member of the LLC, as represented by Helen Cutter, purportedly acting under a power of attorney for Lewis Barnaby participated in the contempt hearings, provided documents pursuant to a subpoena, testified before the Court and was afforded an opportunity to represent the interests of the LLC before the Court.

5. Evidence and testimony during the contempt hearing established the following:

(i) In direct contravention to this Court's Order, Bruce Barnaby knowingly failed to make any of the required financial disclosures to Hews, failed to make any payments to Hews, and he diverted from the LLC approximately $30,000.00, much of which was paid to his wife, Pamela Barnaby, who had no legal interest in, or relationship with, the LLC and used the diverted funds for personal expenses;[1] and

(ii) On May 10, 2006, Mr. Barnaby, Helen Cutter, Pamela Barnaby and Attorney Casassa executed an Expulsion Agreement and an Assignment of LLC Interest prepared by the Casassa & Ryan law firm, intending (a) to terminate Mr. Barnaby's legal interests in the LLC and (b) to simultaneously transfer Mr. Barnaby's equitable interest to Pamela Barnaby, Trustee of the Pamela's Boon Realty Trust (the "**Trust**"). The Trust had been created pursuant to a Declaration of Trust signed on the same date and,

---

[1] These transfers took place from the time of the Court Order to March 13, 2006 when Mr. Baranaby was stripped of his managerial duties of the LLC by his sister, Helen Cutter.

according to Mr. Barnaby, named Mr. Barnaby's children as beneficiaries. All of the relevant documents were either executed or witnessed by Attorney H. Alfred Casassa of the Casassa & Ryan firm.

6. In contravention of this Court's November 22, 2005 Order, no one notified Hews or its counsel, until late in 2006 well after the transfers and diversion of funds, of either (i) the threatened, contemplated or actual change to Mr. Barnaby's interest in the LLC; or (ii) the threatened, contemplated or actual change from Mr. Barnaby to Helen Cutter as manager of the LLC.

7. Bruce Barnaby's interest in the LLC was transferred to the Trust for no value or other consideration.

8. The LLC has been used to promote injustice and fraud. Bruce Barnaby knowingly violated the November 22, 2005 Order, he diverted funds for the benefit of himself, his family and his family controlled trust, and he commingled LLC funds with personal funds and funds of unrelated business activities. See, e.g., Norwood Group, Inc. v. Phillips, 149 N.H. 772, 828 A.2d 300 (2003).

9 All of the actors and participants in the May 10, 2006 transfer and expulsion gambit acted with both the clear intent to hinder, delay or defraud the collection efforts of Hews and the intent to defy and violate this Court's November 22, 2005 Order.

ACCORDINGLY IT IS HEREBY

ORDERED, Bruce Barnaby is found to be in contempt of the Court's November 22, 2005 Order;

1195409.2

ORDERED, Bruce Barnaby, Helen Cutter, Pamela Barnaby, the Pamela's Boon Realty Trust and the LLC colluded to perpetrate a fraudulent conveyance and knowingly and willingly violated this Court's Order;

ORDERED, the LLC was used by Bruce and Pamela Barnaby to perpetrate a fraud on Hews via the transfer of funds out of the LLC to the benefit of Pamela and Bruce Barnaby, and via the transfer of Bruce Barnaby's LLC interest for no consideration, and has been used by them in a persistently fraudulent and illegal manner.

ORDERED, the May 10, 2006 assignment of Mr. Barnaby's interests is hereby declared void, as it is fraudulent and an attempt to preclude Hews, a judgment creditor, from receiving payment on its judgment.

ORDERED, the May 10, 2006 Expulsion Agreement expelling Mr. Barnaby from membership in the LLC is hereby declared void, as it is fraudulent and an attempt to preclude Hews, a judgment creditor, from receiving payment on its judgment.

ORDERED, the assets of the LLC, including, but not limited to, the commercial real estate in Hampton, New Hampshire known as the Burger King/Movie Gallery property (the "Premises"), shall immediately be subjected to a trust and managed, sold or liquidated by counsel to the Plaintiff or their designee (hereinafter the "Liquidating Trustee") for the benefit of the LLC's creditors and equity holders.

ORDERED, the Liquidating Trustee shall operate the Premises and conduct the sale thereof in a commercially reasonable manner and shall select, determine compensation for and employ any professionals that may be necessary to further such sale.

ORDERED, the LLC is then judicially dissolved under N.H. RSA 304:C:51IV;

ORDERED, the proceeds from the sale of the assets shall be distributed as follows:

**FIRST**, to the outstanding first mortgage to Community Bank and Trust and the mortgage Helen Cutter granted to pay outstanding real estate taxes on the Premises, currently of record at the Rockingham County Registry of Deeds;

**SECOND**, all expenses and costs, including reasonable attorneys' fees of the Liquidating Trustee associated with the marshalling, marketing, preservation and sale of the assets (including compensation for any professional employed to assist, in a manner, in the sale of the assets);

**THIRD**, the reasonable attorney's fees and costs of Plaintiff's counsel incurred with respect to enforcement of the November 22, 2005 Order and this contempt proceeding;

**FOURTH**, 60% of the remaining proceeds shall be distributed to Lewis Barnaby in accord with his interest in the LLC and 40% of the remaining proceeds, reflecting Bruce Barnaby's LLC interest shall be paid directly to Hews, until such time that its debt and this Order is satisfied. Any amount remaining following payment to Hews shall be paid to Bruce Barnaby.

ORDERED, the LLC shall continue to collect all rental payments, pay its obligations, and conduct its business in a manner that will not interfere with the sale of the assets or result in the diminution of the value of the assets.

ORDERED, Bruce Barnaby shall disclose to counsel for Hews, on the first business day of each month, all earnings and monies received, all payments made by him

1195409.3

or others for his benefit, his employment status, and provide Hews' counsel with all business, trust and personal tax returns and tax filings immediately upon filing, and shall disclose immediately all equitable interests held in any other assets wherever located and any changes thereto.

ORDERED, Bruce Barnaby shall immediately provide to counsel for Hews copies of (i) all current mortgages on the Premises, including all notes and guarantees, the current balances and appraisals, regardless of date, and (ii) all leases affecting the Premises.

**SO ORDERED.**

Date: 2/8/07

James R. Muirhead

cc: Peter Callaghan, Esq.
    Timothy Bryant, Esq.
    William Gannon, Esq.

6

1195409.3