**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Hews Company, LLC

    v.                                 Civil No. 04-cv-292-JM

Bruce Barnaby, et al.

**O R D E R**

Plaintiff moves to add Greenville Maine Realty Trust as a party in interest and to appoint a receiver for the trust. Defendants object.

Background

The suit involved the sale in August of 2003 of trucks entrusted to plaintiff by defendants.  Defendants failed to pay plaintiff over $400,000.00 of proceeds.  In August of 2005, judgment in the amount of $750,000.00 was entered based upon a settlement stipulation.  Subsequent collection efforts have been unsuccessful and have included a contempt order against Barnaby for diversion of funds by him which he was under order to pay over to plaintiff.

Plaintiff now seeks to add as a party a New Hampshire real estate trust which was created by Bruce Barnaby and his wife in 1995.  Their children are the beneficiaries of the trust known as

the Greenville Maine Realty Trust.  Plaintiff admits knowledge of

the trust for a substantial period of time.  In fact, the trust

was the subject of questioning by plaintiff in the July 21, 2005

deposition of Bruce Barnaby and the November 29, 2006 deposition

of Pamela Barnaby.  The trustee of the trust is Pamela Barnaby.

Bruce Barnaby is not a trustee, has no beneficial interest in the

trust nor does he have any ownership of its property.  Plaintiff

claims that in 2005 he acknowledged paying bills for the trust

and

that he offered the real estate of the trust in settlement of the

case at one point in time.

### Discussion

> A party may resort to Rule 21 to add a party
> who for some innocent reason has not been
> made a party to the action and whose presence
> is necessary or desirable . . . even after
> trial or on appeal.  Wright, Miller & Kane, 7
> Federal Practice and Procedure: Civil § 1688
> (1986).

Data Gen. Corp. v. Grumman Sys. Support Corp., 825 F. Supp. 340,

344 (1993), *remanded in part,* 36 F.3d 1147 (1st Cir. 1994).

Whether one looks to Rule 15, 19 or 21, the burden is upon "the

moving party (to) demonstrate an absence of prejudice to the

nonmoving party."  Id. (citations omitted).  Furthermore, when

2

liability has been determined and it is well after judgment has been entered, the court has discretion to deny any attempt to join a new party.  See Cabrera v. Municipality of Bayamon, 622 F.2d 4, 6 (1st Cir. 1980).  In assessing prejudice the court considers any undue delay by the moving party.  See Crude Co. v. U.S. Dept of Energy, 189 F.R.D. 1, 2 (D.C. 1999).

I exercise my discretion to deny both motions.  The judgment in this case was entered in August of 2005.  Plaintiff had already deposed Bruce Barnaby about the Greenville Maine Realty Trust.  Waiting two years is an undue delay.

Further, there is little legal basis for the claim.  First, any fraudulent transfer claim arising out of the 1995 transfer has been extinguished.  See N.H. Rev. Stat. Ann. § 545-A:9 (1997) (providing statute of limitations for such claims).  Second, the fact that Barnaby paid some trust expenses prior to August of 1995 on a trust where his children were beneficiaries does not suggest that the trust was, or is, a sham.  Even his offer to facilitate a transfer of the property of the trust in exchange for plaintiff's claims as part of a settlement does not establish that he could have legally done so.  Alternatively, he may well have had the permission of the trustee and/or the beneficiaries

because she/they perceived such a transfer to be for consideration.

Mrs. Barnaby had a legal duty to manage the trust for the interests of the beneficiaries.  See N.H. Rev. Stat. Ann. § 564-B:8-801 (Supp. 2006) (requiring good faith management of trust).  The children, not Barnaby, hold beneficial ownership.  They are not responsible for their father's debts, whether or not he was interfering with their beneficial interests.

Plaintiff's attempt is a belated and ill-conceived effort to pierce the trust "veil" to get at interests Barnaby does not legally have.

The motions (document nos. 82 and 83) are denied.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: July 11, 2007

cc:   Timothy J. Bryant, Esq.
      Peter G. Callaghan, Esq.
      William S. Gannon, Esq.
      Stephen L. Tober, Esq.